UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DAVID STUEBE and PAIGE STUEBE, | CASE NO. C17-5814 BHS |
| Plaintiffs, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT IN PART, DENYING THE MOTION IN PART WITHOUT PREJUDICE, AND GRANTING DEFENDANT'S MOTION TO TRANSFER |
| v. | |
| S.S. INDUSTRIES, LLC, | |
| Defendant. | |

This matter comes before the Court on Defendant SS Industries, LLC's ("S.S. Industries") motion for summary judgment or, in the alternative, transfer venue (Dkt. 12). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On October 11, 2017, Plaintiffs David and Paige Stuebe ("Stuebes") filed a complaint for personal injury and product liability against S.S. Industries. Dkt. 1.

On May 24, 2018, S.S. Industries filed instant motion for summary judgment that the Stuebes' claims are barred by the suit limitation clause in the parties' contract or, in the alternative, transfer to Pennsylvania pursuant to the forum selection clause in the

parties' contract.  Dkt. 12.  On June 11, 2018, the Stuebes responded.  Dkt. 15.  On June

15, 2018, S.S. Industries replied.  Dkt. 19.  On June 27, 2018, the Stuebes filed a notice

of supplemental authority.  Dkt. 21.

## II.  FACTUAL BACKGROUND

On April 18, 2017, Mr. Stuebe contacted Mylen Stairs and spoke with Chris

Strader, a Mylen sales representative.  Dkt. 17, Declaration of David Stuebe ("Stuebe

Decl."), ¶ 2.  Mr. Stuebe contacted Mylen because he was interested in installing a spiral

staircase from his deck to his backyard.  *Id.* ¶ 2.  Over the following week, Mr. Stuebe

and Mr. Strader discussed Mylen products and particular stair plans for Mr. Stuebe's

needs.  *Id.* ¶¶ 3–12.  On April 25, 2017, Mr. Stuebe notified Mr. Strader by email that he

wished to purchase a particular staircase.  *Id.* ¶¶ 10–11.  Mr. Strader informed Mr. Stuebe

that he would be receiving an email with some documents to sign.  *Id.* ¶ 12.  On April 26,

2017, Mr. Stuebe received an email with a link to four documents: "a spiral staircase

drawing plan, the Spiral Stair Order Form, the Statement of Understanding, and a credit

card form."  *Id.* ¶ 14.  Although Mr. Stuebe reviewed some of the order form, he "did not

read the small print at the bottom referencing the separate (and not provided) Terms and

Conditions."  *Id.* ¶ 17.  The Terms and Conditions contained a forum selection clause and

a three-month suit limitation provision.

On June 29, 2017, Mr. Stuebe received his staircase.  *Id.* ¶ 22.  On July 5, 2017,

Mr. Stuebe was injured while attempting to install the staircase.  *Id.*

# III.  DISCUSSION

## A.    Summary Judgment

S.S. Industries moves for summary judgment that (1) the Terms and Conditions were properly incorporated into the parties' agreement, (2) the Stuebes are bound by the Terms and Conditions, and (3) the suit limitation provision is enforceable, which bars the Stuebes' untimely claims, or, in the alternative, the forum selection clause is enforceable. Dkt. 12.  The Stuebes respond that the Terms and Conditions were not properly incorporated into the parties' contract or, in the alternative, they are unconscionable and unreasonable.  Dkt. 15 at 5.

### 1.    Standard

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630.  The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party.  The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim.  *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255).  Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed.  *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

**2.      Incorporation**

As an initial matter on this issue, both parties implicitly agree that the law regarding incorporation by reference is similar in this forum and in Pennsylvania, which is the forum set forth in the forum selection clause.  Thus, the Court will accept the concession.

"The doctrine of incorporation allows a document or provision to be read into an agreement."  *Pantrol, Inc. v. Eltek Valere, Inc.*, 12-CV-158-JLQ, 2012 WL 1945490, at *4 (E.D. Wash. May 30, 2012) (citing 11 Richard A. Lord, Williston on Contracts §

30:25 (4th ed. 2011)). "It is well settled that terms of another unread, unsigned

agreement can be incorporated by reference so long as the unsigned document is

identified and readily available for inspection." *Id.* "In order for a document to be

incorporated into an agreement, the contract must make 'clear reference to the document'

and 'describe[ ] it in such terms that its identity may be ascertained beyond doubt . . . .'"

*Id.* (citing 11 Richard A. Lord, Williston on Contracts § 30:25 (4th ed. 2011)).

Additionally, in order to uphold the validity of terms incorporated by reference, "it must

be clear that the parties to the agreement had knowledge of and assented to the

incorporated terms . . . ." *Id.*

### a. Reference to the Terms and Conditions

"Generally, the reference to governing 'Terms and Conditions,' puts reasonable

people on notice that they should read and know those terms." *Id.*

In this case, the Stuebes argue that the Terms and Conditions were not clearly

identified. Their arguments, however, are based more on unfairness than S.S. Industries'

failure to clearly indicate the challenged incorporation. Regarding the incorporation, the

purchase agreement provided as follows:

> By signing this document, Customer acknowledges and agrees that
> Customer has reviewed and does hereby agree to the documents included in
> this package as Production Documents and the Terms and Conditions set
> forth above and in the "footer" section of the Company's website.

Dkt. 14 at 7. The notice was in font that is either similar in size or not unreasonably

smaller than the majority of text on the page, and Mr. Stuebe signed immediately below

this notice. Under these circumstances, the Court finds that the notice of incorporation

was reasonably identifiable and that the Terms and Conditions were readily available for inspection on the relevant website. Although the Stuebes do not dispute these facts, they argue that it would be unfair to allow the incorporation of 31 paragraphs of terms and conditions into a one-page purchase order and that Mr. Stuebe was a one-time customer, not a sophisticated business entity. Dkt. 15 at 8. The Stuebes fail to provide any authority for the proposition that either of these alleged unfair facts preclude incorporation by reference. Mr. Stuebe is a reasonable person who signed immediately below the notice of incorporated Terms and Conditions. Thus, the Court finds that the incorporation was readily identifiable.

Regarding the issue of whether the Terms and Conditions were readily available for inspection, S.S. Industries submitted a copy of these provisions from its website. Dkt. 14 at 10–13. The Stuebes contend that the copy is dated November 17, 2017, which fails to show that they were available when Mr. Stuebe signed the order form on April 26, 2017. Dkt. 15 at 5. S.S. Industries submitted supplemental evidence establishing that the Terms and Conditions have been available on the website since March 27, 2017. Dkt. 20. The Court finds that S.S. Industries has met its burden to show that the contested provisions were readily available when Mr. Stuebe signed the order form.

### b. Knowledge and Assent

"An expression of assent to terms may be by words or silence (acquiescence or lack of objection), an act or inaction, or any conduct which manifests the affirmative intention of a party." *Pantrol*, 2012 WL 1945490 at *6.

In this case, the Stuebes rely on *Pantrol* to argue that there was no mutual assent to the Terms and Conditions. Dkt. 15 at 8–9. The problem, however, is that Mr. Stuebe signed a document stating that he agreed to the Terms and Conditions. This is an objective manifestation of assent to the relevant provisions at issue. *Pantrol* is easily distinguishable in that the party that sought enforcement of the disputed provisions supplied the other party with a purchase order stating that the purchase order is subject to certain terms and conditions available upon request. *Pantrol*, 2012 WL 1945490 at *2. Although the company fulfilled the requested purchase order, it never signed or objectively manifested its assent to the terms of the purchase order. *Id*. Moreover, after the relationship broke down, the party seeking enforcement produced its terms and conditions in the form of a separate document with empty signature blocks for both parties. *Id*. at *2–3. The court concluded that the incorporation failed because the terms and conditions were not clearly labeled as such and the party seeking enforcement did not obtain any objective manifestation of consent to the terms and conditions by signature or otherwise. *Id*. at *5–6. In fact, the supplier simply delivered the goods requested in the purchase orders, which were acts that did not amount to knowledge and assent of undisclosed terms and conditions. *Id*.

Contrary to *Pantrol*, S.S. Industries obtained Mr. Stuebe's assent to its terms and conditions. Based on this record, the Court finds that S.S. Industries properly incorporated its terms and conditions under either Washington law or Pennsylvania law. Therefore, the Court grants S.S. Industries' motion for summary judgment on this issue.

Although the Court finds in S.S. Industries' favor, the Court must also address the Stuebes' assertion that Mr. Stuebe relied on the assurances of Mr. Strader. Specifically, the Stuebes assert that Mr. Stuebe "relied on the assurances of his sales representative that he only needed to check the Order Form for accuracy of the measurements." Dkt. 15 at 8. S.S. Industries argues that this assertion is not supported by Mr. Stuebe's declaration. Dkt. 19 at 7. The Court agrees. At most, Mr. Stuebe declares that he was never told that he was agreeing to the Terms and Conditions. Stuebe Dec., ¶¶ 17–20. There is no evidence in the record to support the assertion of reliance. Moreover, not being informed about provisions that are readily identifiable and available does not amount to justified reliance. Therefore, the Court concludes that the Stuebes have failed to submit sufficient evidence to establish a defense of reliance.

**B.    Forum Selection Clause**

Although S.S. Industries first seeks judgment on its suit limitations clause, the Court finds it more appropriate to address the forum selection clause because transfer of the matter to the parties' chosen forum is warranted. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404. "When the parties have agreed to a valid forum-selection clause, a district court should ordinarily transfer the case to the forum specified in that clause." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 581 (2013). "Only under extraordinary circumstances unrelated to the convenience of the parties should a § 1404(a) motion be denied." *Id.*

In this case, the parties consented to jurisdiction in Pennsylvania. The Stuebes contend that the forum selection clause is unreasonable because (1) "forcing plaintiffs who are injured at home to litigate in a foreign state would be unduly burdensome," and (2) "under the forum selection clause, the [Washington Product Liability Act ("WPLA")] would not be recognizable and preventing a Washington plaintiff from enforcing Washington law is contrary to public policy." Dkt. 15 at 14–15. First, the Stuebes fail to submit any facts to support the contention that litigating in Pennsylvania would be unduly burdensome. Obviously, the Stuebes would experience some additional burden by litigating in Pennsylvania as opposed to Washington. The Stuebes, however, have failed to support any burden above the obvious or provide any authority for the proposition that some additional burden is sufficient to declare a forum selection clause unreasonable. Therefore, the Court finds that enforcement of the forum selection clause would not unduly burden the Stuebes.

Second, the Stuebes provide no authority for the proposition that the WPLA or some similar relief would not be recognizable in Pennsylvania. Instead, they cite authority for the proposition that a forum selection clause that prevents class actions violates public policy in Washington. Dkt. 15 at 15 (citing *Dix v. ICT Grp., Inc.*, 160 Wn.2d 826, 837 (2007)). The Stuebes fail to show that enforcement of the instant forum selection clause violates any particular public policy of Washington. Therefore, the Court grants S.S. Industries' motion on this issue and will transfer the matter to Pennsylvania.

# IV.  ORDER

Therefore, it is hereby **ORDERED** that S.S. Industries' motion for summary judgment or, in the alternative, transfer venue (Dkt. 12) is **GRANTED** in part on the issue of incorporation by reference, **DENIED** in part without prejudice on the remaining summary judgment issues, and **GRANTED** on the request to transfer.

The Clerk shall enter **JUDGMENT**, transfer this case to United States District Court for the Eastern District of Pennsylvania, and close the case.

Dated this 20th day of July, 2018.

BENJAMIN H. SETTLE
United States District Judge